1

2

3

4

5

6

7

8                         **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JOHN LEE MORALES,                           No. CIV S-11-2581-KJM-CMK

12              Plaintiff,

13         vs.                                     FINDINGS AND RECOMMENDATIONS

14    ROBERT HAMMONDS, JR.,

15              Defendant.

16    _____/

17              Plaintiff, who is proceeding pro se, brings this civil action.   Pending before the

18    court is plaintiff's complaint (Doc. 1).[1]   The court is required to screen complaints brought by

19    prisoners seeking relief against a governmental entity or officer or employee of a governmental

20    entity.  See 28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by

21    litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).

22    Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1)

23    is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks

24    monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§

25    _____

26         [1]     Plaintiff's complaint submitted to this court is a California form complaint for
      personal injury.

1

1   1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure

2   12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks

3   jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a prisoner, has been granted

4   leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

5   Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-

6   matter jurisdiction.

7            Plaintiff names Robert Hammonds, Jr., Esq., as the only defendant.  Plaintiff

8   states that Mr. Hammonds has been appointed to represent him, apparently in the context of an

9   ongoing state criminal proceeding.  According to plaintiff, Mr. Hammonds has not contacted him

10  to discuss the case.  He also claims that Mr. Hammonds has failed to file critical motions in his

11  case.  Plaintiff claims that defendant's negligence has resulted in the denial of his constitutional

12  right to effective assistance of counsel.

13           Principles of comity and federalism require that this court abstain and not

14  entertain petitioner's pre-conviction challenge unless he shows that:  (1) he has exhausted

15  available state judicial remedies, and (2) "special circumstances" warrant federal intervention.

16  See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980).  Only in cases of proven harassment

17  or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid

18  conviction and perhaps in other special circumstances where irreparable injury can be shown is

19  federal injunctive relief against pending state prosecutions appropriate.  See id. at 84 (citing

20  Perez v. Ledesma, 401 U.S. 82, 85 (1971)).  In the current case, plaintiff makes no such showing

21  of "special circumstances" warranting federal intervention before the trial is held and any appeal

22  is completed.  See id.   Plaintiff's remedies, if any, at this stage in the state court criminal

23  proceedings lie in the state court (i.e., a motion for appointment of new counsel).

24  / / /

25  / / /

26  / / /

2

1    Based on the foregoing, the undersigned recommends that this action be

2 dismissed.

3    These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court.  Responses to objections shall be filed within 14 days after service of

7 objections.  Failure to file objections within the specified time may waive the right to appeal.

8 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10  DATED:  November 14, 2011

11

12    CRAIG M. KELLISON
        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26